IN THE UNITED STATES DISTRICT
COURT OF MINNESOTA

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>TIM WALZ, in his official capacity as Governor of the State of Minnesota,<br><br>Defendant. | Civil Action No. 0:24-cv-01748<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

### INTRODUCTION

1. The Minnesota Board of Social Work (Board) establishes qualifications, standards, and procedures for the state's licensed social workers. It is also responsible for issuing licenses to qualified social workers and taking disciplinary actions against violators of its standards.

2. The Board is composed of fifteen members appointed by the Governor for four-year terms. But membership on the Board is not available to all equally. At least five members must be from a "community of color" or "an underrepresented community."

3. Such blatant racial discrimination against individuals who could sit on the Board serves no legitimate government purpose. It is demeaning, patronizing, and unconstitutional.

4. Plaintiff American Alliance for Equal Rights (Alliance) is a nationwide membership organization dedicated to eliminating racial distinctions and preferences in America. It has members who are qualified, ready, willing, and able to be appointed to the

Board—including Member A, a Minnesota-licensed social worker who is ready, willing, and able to be appointed for a social worker position on the Board. And Member B, a Minnesota citizen who is ready, willing, and able to be appointed for a citizen position on the Board. Both members are disfavored—and at a significant disadvantage—for positions on the board because of their race.

5. The Alliance brings this lawsuit under 42 U.S.C. § 1983 to vindicate its members' constitutional rights, to guarantee that every qualified citizen in Minnesota has the equal right to serve on the Board, and to ensure that Minnesotans are regulated by a Board that is not selected on the basis of race.

## JURISDICTION AND VENUE

6. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over these federal claims under 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district, and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred and continue to occur in this district.

## PARTIES

8. Plaintiff American Alliance for Equal Rights is a nationwide membership organization headquartered in Austin, Texas. It is a 501(c)(3) tax-exempt organization whose mission is to challenge racial classifications and racial preferences in America. The

Alliance has one or more members who are citizens of Minnesota, who are not racial minorities, and who are qualified, ready, willing, and able to be appointed to the Board.

9. In particular, Member A is a licensed graduate social worker in Minnesota. She is a woman who is not a member of a racial minority. Member A is qualified, ready, willing, and able to be appointed to the Board.

10. Similarly, Member B is an active public member in Minnesota. Member B has previously been appointed to a position by a Minnesota governor and has served in various public roles. Member B is a woman who is not a member of a racial minority. Member B is qualified, ready, willing, and able to be appointed to the Board.

11. Defendant Tim Walz is the Governor of the State of Minnesota. Minnesota law requires him to make all appointments to the Board and to consider the race of potential appointees when making those appointments. Minn. Stat. § 148E.025, subdiv. 2(e). Governor Walz is sued in his official capacity.

## FACTUAL ALLEGATIONS

12. The Board of Social Work was created in 1987 to perform duties necessary to promote and protect public health, safety, and welfare through the licensure and regulation of persons who practice social work in Minnesota.

13. The Board's mission is to protect the public through licensing and regulation of the social work profession. It carries out this mission through various duties, including holding examinations to assess social work applicants' qualifications, establishing such qualifications and standards, issuing licenses to qualified individuals, and taking

disciplinary action against those who violate the requirements of a licensed social worker in Minnesota.

14. The Board is comprised of fifteen members appointed by the Governor. Ten members must be social workers (of varying credentials) and five must be public members. Minn. Stat. § 148E.025, subdiv. 1.

15. At least six members of the Board must reside outside of the 11-county metropolitan area at the time of their appointment. Minn. Stat. § 148E.025, subdiv. 2(d).

16. At least five members of the Board must be members of "a community of color" or "an underrepresented community." Minn. Stat. § 148E.025, subdiv. 2(e).

17. Minnesota law defines an "underrepresented community" as "a group that is not represented in the majority with respect to race, ethnicity, national origin, sexual orientation, gender identity, or physical ability." Minn. Stat. § 148E.010, subdiv. 20.

18. As of May 13, 2024, three open Board positions are accepting applications. Additionally, six members' terms will expire in January 2025, and at least two of these positions are also currently accepting applications.

19. There are no pending appointments for the open positions on the Board.

20. The pressing need to address the racial quota for the Board is underscored by the fact that appointments will be available for a majority of its seats within the next year.

21. So long as this racial quota remains in place, Member A and Member B will never receive equal consideration for the openings on the Board.

22. Member A and Member B are qualified, ready, willing, and able to be appointed to the Board. They would seek appointment to the Board if race were not a factor that put them at a disadvantage.

## CAUSE OF ACTION

### Minn. Stat. § 148E.025, Subdivision 2(e), Violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution

23. Plaintiff hereby realleges and incorporates the allegations in all preceding paragraphs by reference.

24. Under the Fourteenth Amendment to the United States Constitution, "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

25. Minn. Stat. § 148E.025, subdiv. 2(e), requires the Governor to consider and make decisions on the basis of the race of potential board members when making appointments to the Board of Social Work.

26. Governmental classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling governmental interest.

27. The racial mandate in Minn. Stat. § 148E.025, subdiv. 2(e), does not serve a compelling governmental interest.

28. The racial mandate in Minn. Stat. § 148E.025, subdiv. 2(e), does not remediate any specific instances of racial discrimination that violated the Constitution or statutes.

29. Even if the racial mandate in Minn. Stat. § 148E.025, subdiv. 2(e), served a compelling governmental interest, it is not narrowly tailored to remediating past, intentional discrimination.

30. The racial mandate in section Minn. Stat. § 148E.025, subdiv. 2(e), stereotypes individuals on the basis of race, treats all individuals of different races as fungible, mandates racial quotas, requires racial balancing, has no "good faith exception," and has no end date.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. A declaration that the racial mandate in Minn. Stat. § 148E.025, subdiv. 2(e), violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

2. A permanent prohibitory injunction forbidding the Governor and his agents from enforcing, or attempting to enforce, the racial mandates in Minn. Stat. § 148E.025, subdiv. 2(e);

3. An award of attorneys' fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

4. Such other relief the Court deems just and proper.

DATED: May 15, 2025.

                        Respectfully submitted,

/s/ Brandon C. Beyer
BRANDON C. BEYER
Minn. Bar. No. 0403249
Pacific Legal Foundation
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
BBeyer@pacificlegal.org

/s/ Joshua P. Thompson
JOSHUA P. THOMPSON*
Cal. Bar No. 250955
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
JThompson@pacificlegal.org

* *Pro Hac Vice forthcoming*