UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

\*\*\*,

        Plaintiff,

v.

\*\*\*,

        Defendant.

Case No. \*\*-cv-\*\*\*\*\*-\*\*\* -JFD

**RULE 26(f) REPORT
[TEMPLATE]**

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on _____ and prepared the following report.

**DESCRIPTION OF THE CASE**

1. Concise factual summary of plaintiff's claims:

2. Concise factual summary of defendant's claims/defenses:

3. Statement of jurisdiction (including statutory citations):

4. Summary of factual stipulations or agreements:

5. Statement of whether a jury trial has been timely demanded by any party:

6. Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

7. Has all process been served and have all pleadings been filed?

8. Does any party have plans to seek to amend the pleadings or add additional parties to the action, and if so, what are those plans?

**FACT DISCOVERY**

Having conferred about the unique needs of this case, and mindful of the goals of justice, efficiency, proportionality, and inexpensiveness, the parties recommend that the Court establish the following fact-discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before _____. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before _____.

2. The parties must commence fact discovery in time to be completed by _____. The parties will discuss whether a date for the substantial production of documents should be set within the fact-discovery period to facilitate the taking of depositions.

3. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the number of discovery procedures as follows:

   a. ___ interrogatories

   b. ___ document requests

   The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

   c. ___ requests for admission

   The parties have discussed a protocol for the authentication of documents and agree on the following:

   d. ___ fact depositions shall be taken. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

e. The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement:

f. \_\_\_ Rule 35 medical examinations, which will be completed by _____

g. If the parties use the form protective order on the Court's website as a template for their own protective order, they should submit both the agreed-on protective order and a redline showing deviations from the Court's form order. (If the only change to the Court's form order is a change of caption and the insertion of the case name and file number as appropriate in the body of the protective order, then no redline need be submitted.)

h. \_\_\_ other

**EXPERT DISCOVERY**

1. The parties anticipate that they [**will/will not**] require expert witnesses at the time of trial.

    a. The plaintiff anticipates calling _____ (number) initial experts in the fields of: _____

    b. The defendant anticipates calling _____ (number) initial experts in the fields of: _____

2. The parties propose that the Court establish the following plan for expert discovery:

    a. Initial experts

        i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before _____

        ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____

    b. Rebuttal experts

      i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before _____

      ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____

3. All expert discovery, including expert depositions, must be completed by _____

**OTHER DISCOVERY ISSUES**

1. Protective Order

   The parties have discussed whether they believe a protective order is necessary to govern discovery and jointly submit a [**proposed protective order/report identifying any areas of disagreement**].

   (The parties are encouraged, though not required, to use protective order template available on the District's website as a template for a proposed protective order.)

2. Discovery of Electronically Stored Information

   The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving potentially discoverable electronic information. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: _____

   The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The Guide should be read in advance of the Rule 26(f) Conference.

   The parties will further meet and confer by _____ to discuss their plan or formal protocol for electronic discovery. They agree to

      present any disputes regarding an electronic discovery plan and protocol to the Court by _____

3. Claims of Privilege or Protection

   The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties:

   a. Request the Court to include the following agreement in the scheduling order _____; or

   b. Will include their agreement in the proposed Protective Order

**PROPOSED MOTION SCHEDULE**

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by _____

2. Motions seeking to amend the pleadings must be filed and served by _____

3. Non-dispositive motions:

   a. All non-dispositive motions relating to fact discovery must be filed and served by _____

   b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by _____

   The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. All dispositive motions must either be filed by, or filed and heard by, depending on the preferences of the district judge, _____

**TRIAL-READY DATE**

1. The parties agree that the case will be ready for trial on or after _____

2. The anticipated length of the [**select one – bench/jury**] trial is \_\_\_**days**

5

3. The parties propose that the final pretrial conference be held on or before _____

**INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or a statement that the defendant is self-insured:

**SETTLEMENT**

At the Rule 16 Scheduling Conference, Magistrate Judge Docherty will ask the parties for their views about the optimal timing of a settlement conference in this case.

**TRIAL BY MAGISTRATE JUDGE**

The parties [**have/have not**] agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

DATE: _____                  _____
                                        Plaintiff's Counsel
                                        License #
                                        Address
                                        Phone #

DATE: _____                  _____
                                        Defendant's Counsel
                                        License #
                                        Address
                                        Phone #