# IN THE UNITED STATES DISTRICT COURT OF MINNESOTA

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS, a nonprofit corporation,<br><br>              Plaintiff,<br><br>v.<br><br>TIM WALZ, in his official capacity as Governor of the State of Minnesota,<br><br>              Defendant. | Civil Action No. 0:24-cv-01748-PJS-JFD<br><br>**JOINT RULE 26(f) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on July 10, 2024, and prepared the following report.

## DESCRIPTION OF THE CASE

1. **Plaintiff's Claims:** Minn. Stat. § 148E.025, subd. 2(e) discriminates against Plaintiffs based on race in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

2. **Defendant's Claims/Defenses:** (1) Failure to state a claim upon which relief can be granted against Defendant; (2) Plaintiff lacks standing; (3) Plaintiff suffered no harm or damages as a result of the alleged wrongful actions of Defendant; (4) Plaintiff's claims and causes of action, in whole or in part, are barred by Eleventh Amendment sovereign immunity.

3. **Statement of Jurisdiction:** Court has jurisdiction over federal claims under 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (redress for deprivation of civil rights).

4. **Factual Stipulations:** The parties have not made any factual stipulations or agreements.

    **Statement of Jury Demand:** Neither party has demanded a jury trial.

5. **Statement on Resolving under Rules of Procedure for Expedited Trials:** The parties have not agreed to resolve the case under the District of Minnesota's Rules of Procedure for Expedited Trials

6. **Service of Process and Pleadings Filed:** The parties agree all process has been served and all pleadings have been filed.

7. **Statement of Amended Pleadings or Additional Parties:** No party anticipates amending a pleading or adding a party.

## FACT DISCOVERY

Having conferred about the unique needs of this case, and mindful of the goals of justice, efficiency, proportionality, and inexpensiveness, the parties recommend that the Court establish the following fact-discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **August 16, 2024**. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before **August 16, 2024**.
2. The parties must commence fact discovery in time to be completed by **February 14, 2025**. The parties will discuss whether a date for the substantial production of documents should be set within the fact-discovery period to facilitate the taking of depositions.
3. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the number of discovery procedures as follows:

    a. 25 interrogatories
    b. 25 document requests

The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is

reasonable, the parties must meet and confer to agree on the timetable for production.

    c. 50 requests for admission

The parties have discussed a protocol for the authentication of documents and agree on the following:

    d. 10 fact depositions shall be taken. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.
    e. The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement:
    f. No Rule 35 medical examinations, which will be completed.
    g. If the parties use the form protective order on the Court's website as a template for their own protective order, they should submit both the agreed-on protective order and a redline showing deviations from the Court's form order. (If the only change to the Court's form order is a change of caption and the insertion of the case name and file number as appropriate in the body of the protective order, then no redline need be submitted.)
    h. No other.

**EXPERT DISCOVERY**

1. The parties anticipate that they will not require expert witnesses at the time of trial.
    a. The plaintiff anticipates calling 0 initial experts.
    b. The defendant anticipates calling 0 initial experts.
2. The parties propose that the Court establish the following plan for expert discovery:
    a. Initial experts
        i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **August 16, 2024**.

   ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **December 20, 2024**.
   b. Rebuttal experts
      i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **August 30, 2024**.
      ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **January 21, 2025**.
3. All expert discovery, including expert depositions, must be completed by **February 21, 2025**.

**OTHER DISCOVERY ISSUES**

1. Protective Order
   The parties have discussed whether they believe a protective order is necessary to govern discovery and do not believe one is necessary.

2. Discovery of Electronically Stored Information
   The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving potentially discoverable electronic information. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: No issues are anticipated. The parties will preserve potentially discoverable ESI, if any, and will work cooperatively to produce ESI in an accessible format.

   *The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section. The Guide should be read in advance of the Rule 26(f) Conference.* The parties will further meet and confer by July 12, 2024, to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by **August 16, 2024**.

3. Claims of Privilege or Protection
    a. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502. The parties will include their agreement in the proposed Protective Order.

**PROPOSED MOTION SCHEDULE**

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by **August 23, 2024**.
2. Motions seeking to amend the pleadings must be filed and served by **August 23, 2024**.
3. Non-dispositive motions:
    a. All non-dispositive motions relating to fact discovery must be filed and served by **December 20, 2024**.
    b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by **April 21, 2025**.

The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. All dispositive motions must either be filed by, or filed and heard by, depending on the preferences of the district judge, **March 10, 2025**.

**TRIAL-READY DATE**

1. The parties agree that the case will be ready for trial on or after **January 20, 2026**.
2. The parties propose the final pretrial conference be held on or before **January 5, 2026**.

**INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or a statement that the defendant is self-insured: None.

**SETTLEMENT**

*At the Rule 16 Scheduling Conference, Magistrate Judge Docherty will ask the parties for their views about the optimal timing of a settlement conference in this case.*

**TRIAL BY MAGISTRATE JUDGE**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

DATE: __7/11/24_____

/s/ Brandon C. Beyer
Brandon C. Beyer
Minn. Bar. No. 0403249
Pacific Legal Foundation
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
BBeyer@pacificlegal.org

DATE: __7/11/24_____

/s/ Erin Farmer
Erin Farmer
Assistant Attorney General
Minn. Bar. No. 0402662
Office of Minnesota Attorney General
Keith Ellison
445 Minnesota Street
St. Paul, MN 55101
651-757-1263
Email: erin.farmer@ag.state.mn.us