UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS *a nonprofit corporation*,<br><br>        Plaintiff,<br><br>v.<br><br>TIM WALZ *in his official capacity as Governor of the State of Minnesota*,<br><br>        Defendant. | Case No. 24-cv-1748 (PJS/JFD)<br><br>**AMENDED PRETRIAL SCHEDULING ORDER** |

This matter came before the Court on Defendant's unopposed Motion to Modify Scheduling Order (Dkt. No. 30). For the reasons set forth in the motion, including good cause shown, the motion is GRANTED. The Court enters the following Amended Pretrial Scheduling Order.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. This order may be modified only upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

## FACT DISCOVERY: DEADLINES AND LIMITATIONS

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **August 16, 2024.** If the parties plan to disclose the documents by a

    description by category and location of documents, they will exchange copies of the initial disclosure documents on or before **August 16, 2024.**

2. Fact discovery shall be <u>commenced in time to be completed on or before</u> **March 28, 2025**.

3. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **25 document requests** and no more than **50 requests for admissions** shall be served by each side.

4. No more than **10** fact depositions shall be taken per side. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

5. No Rule 35 medical examinations shall be taken.

6. Discovery of Electronically Stored Information.

    The parties have discussed issues about preservation and disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced. The parties will inform the Court of any issues that arise related to electronic discovery.

7. If the parties use the form protective order on the Court's website as a template for their own protective order, they should submit both the agreed-on protective order and a redline showing deviations from the Court's form order. (If the only change to the Court's form order is a change of caption and the insertion of the case name and file number as appropriate in the body of the protective order, then no redline need be submitted.)

**EXPERT DISCOVERY: DEADLINES AND LIMITATIONS**

This section is intentionally left blank. The parties do not contemplate calling expert witnesses in this case.

**DEADLINES FOR FILING MOTIONS**

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **August 23, 2024**. This deadline has passed.

2. Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before **March 28, 2025.**

## **NON-DISPOSITIVE MOTIONS: GUIDELINES**

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise and focus on narrowing the issue in dispute as much as possible. Both sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2. **Judge Docherty prefers not to receive courtesy copies, unless the motions contain or refer to documents that are not filed on ECF, in which case those documents should be emailed to Docherty_chambers@mnd.uscourts.gov.** All non-dispositive motions shall be scheduled for hearing by calling the Judicial Assistant to Magistrate Judge Docherty, at 651-848-1180, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to IDR and formal motion practice. Parties must attempt to confer through personal contact (during the COVID pandemic, "personal contact" means by telephone), rather than solely through written correspondence or email. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

**DISPOSITIVE MOTIONS: GUIDELINES AND DEADLINES**

All dispositive motions (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be served, filed, and heard on or before **June 2, 2025.**

Counsel for the moving party shall call Judge Schiltz's Courtroom Deputy at 612-664-5483 to schedule the hearing. Parties are reminded that the scheduling of a dispositive motion requires considerable advance notice (typically three to four months). Parties should attempt to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.

All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response or reply brief is filed on ECF, two paper courtesy copies (three-hole punched and unstapled, and if warranted, exhibits appropriately tabbed) of the pleading and all supporting documents shall be mailed or delivered to the Courtroom Deputy at the same time as the documents are posted on ECF.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

**TRIAL**

This case shall be ready for a **bench** trial on **October 6, 2025**[1]**.** The anticipated length of trial is **3** days.

Date: January 13, 2025                                          *s/ John F. Docherty*
                                                                JOHN F. DOCHERTY
                                                                United States Magistrate Judge

---

[1] The parties did not stipulate to an extension of this deadline; however, this deadline has been extended due to the scheduling preferences of the district judge.